**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4412

FREDDIE LEE ANDREWS, a/k/a Tank,
a/k/a Drew,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
Terrence W. Boyle, District Judge.
(CR-92-75-BO)

Submitted: January 23, 1997

Decided: February 10, 1997

Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert H. Hale, Assistant Federal Public Defender, Raleigh, North
Carolina, for Appellant. Janice McKenzie Cole, United States Attor-
ney, John S. Bowler, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Freddie Lee Andrews appeals an order of the district court which revoked his supervised release and sentenced him to the statutory maximum of two years imprisonment. He contends that the district court failed to consider the guideline range of 12-18 months provided for his supervised release violations pursuant to USSG § 7B1.4(a), p.s.* We affirm.

In sentencing a defendant for violations of supervised release, a district court must consider the Chapter 7 policy statements, but is not required to impose a sentence within the range set out there. United States v. Davis, 53 F.3d 638, 639 n.1 (4th Cir. 1995). Here, the range was clearly set out for the court in the probation officer's motion for revocation. However, no one, including defense counsel, stated at the revocation hearing that the Chapter 7 range was 12-18 months. Consequently, Andrews argues that there is no evidence the court ever considered the range before imposing a sentence of 24 months. He agrees that his failure to bring the issue to the court's attention limits our review to plain error. United States v. Olano, 507 U.S. 725, 734 (1993).

Andrews violated his supervised release principally by committing an armed robbery. Before hearing evidence from one of the victims, the court asked the probation officer for the total punishment that could be imposed on Andrews, and specified, "I'm not talking guidelines, I mean total." At the end of the hearing, defense counsel asked for a sentence within the guideline range. Just before imposing sentence, the district court asked, "What's the punishment range?" The government informed the court that the maximum term was two years

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

and the court imposed a two-year sentence. The record discloses that the court was clearly aware that the Chapter 7 range was less than the statutory maximum, but implicitly considered and rejected any sentence lower than the maximum. Therefore, we find no plain error.

The sentence is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED